We will go on to case number two. Appeal 23-2964, Jose Ageo Luna Vanegas v. Signet Builders, and good morning Mr. Sneed. How are you? You, you, you, what is the judge is saying? You may approach? It's something like that. Whenever I say come on up I feel like I'm a game show host. All right. May it please the court. This is an FLSA action where the plaintiff affiliate is seeking to certify a nationwide collective against a Texas company in Wisconsin Federal Court. The question is whether Bristol-Myers and its claim-by-claim specific jurisdiction analysis applies to the opt-in plaintiffs who have no connection with Wisconsin. I'm gonna do it Judge Easterbrook. Isn't the jurisdictional challenge currently hypothetical and abstract? Respectfully, no, Your Honor. It's, it's at issue. One, the district court made a ruling on it. It's, that's why we're here. That's why we're here. To smack them, right? And I would suggest it's, I would suggest it's right. It's, there's, notice is about to be sent out. We know who the class is. We know that 90% of the people have no contacts with Wisconsin. So it's a clean issue. And this is the same stage the court decided similar issues in the Mussat case and the Bigger versus Facebook case. This certification or conditional certification stage and in Bigger versus Facebook the court said this was cautioned against sending out notice to people who could never be part of the, of the collective because it's inefficient and because it's runs into the risk of solicitation. Now can you point to any case where Rule 4k1a required each and every opt-in member of an FSL, of an FLSA collective action to separately establish the court's personal jurisdiction over the defendant through the service of process, a One, there are, obviously there's a circuit split over whether the plaintiffs have to establish jurisdiction. But I want to reframe the question slightly. The, our position is not each person, like the notice they have to serve each time and that that 4k requires multiple or service at each instance. Our position is this. There must be authorization for a federal court to exercise personal jurisdiction. 4k is the source of that authorization and 4k1a authorizes limited jurisdiction that's tied to the state. And so our argument is and our position is and what Judge Sutton and Kennedy said and Fisher is that it's in the analysis of. I think it's maybe more helpful when looking at specific jurisdiction to see how our court has dealt with the issue. And so there's three principles that we kind of outline in Curry that comes after Musat that explains that when looking at specific jurisdiction, tying the claim to the defendant's minimal contacts to the forum. That's one of the principles for purposes specific personal jurisdiction. So I guess we need to go a little broader and say how has our circuit dealt with FLSA plaintiffs? Are they analogous to class action unnamed members? The circuit has not addressed this question in the sense of in Eschbenscheid the court said that they are collective actions and class actions are similar except for the key difference is that collective actions plaintiffs often where class actions they opt out. And in our briefing explains that the differences between the two. But I think the key framing is the question is not is it more like a class action or more like an aggregate litigation? I want to drill down. I know what your briefs say. I'm asking you to drill down on the point. How are the opt-in plaintiffs claims treated in an FLSA case versus how they're treated class action of unnamed members? Because it's not covered in your brief. So I need us to drill down on that point. Collective actions plaintiff opts in. They have the choice of having counsel. They have appellate rights and their claims have to be dealt with individualized. They're not required to serve summons or to file complaints under rule 4 opt-ins. No that's right. Well you don't have to. That's quite a difference there. If I can I want to emphasize zoom out a little bit and what the plaintiff appellee's argument is. And so I need to finish your question and finish the answer to my question. You said they have to be treated individually. They opt in. And so what cases are we relying on to suggest that opt-in plaintiffs claims have to be dealt with? Well I point to the Supreme Court's decision in the Jeanne case. It talks about the difference on the opt-in level. The Eshkin side case talked about that how they're opt-in and they're different. I will find a case. I look at all review the briefing for rebuttal on that one on the issue of the individualized claim. That's how the the actions work. I don't know that the this court has discussed the individualized nature of it specifically. But you have to prove damages for there's like there's the. Look while a name plaintiff must demonstrate personal jurisdiction under Rule 4. And nowhere in the text of the rule is there a requirement that opt-in plaintiffs have to demonstrate the same. In fact absent collective action members who opt in are not required to serve summons or to file complaints under Rule 4. I mean what doesn't that seem like a strong indication at the very least that one personal jurisdiction is established as the name plaintiffs claim. It does not have to be re-established as to each opt-in plaintiff. So the question is what jurisdiction is being established? Is it tagged jurisdiction or a consent jurisdiction or general jurisdiction so once that summons happens then anything else goes? Their argument is essentially an on-off switch. That before the summons jurisdiction is based on contacts with the state and an after summons jurisdiction expands to the Fifth Amendment and it's based on contacts with the U.S. And here's the problem with that. There must be authorization. The Constitution provides a limit but not authorization. That's why this court said in the ISI case the threshold question is whether the court has power to exert the full power of the nation. Whether there's authorization to exert the full power of the nation. The question is they have to have authorization. There has to be authorization for court to exercise jurisdiction to the Fifth Amendment. Omni said that from the Supreme Court. This court said it in the United Rope case which was cited by the law professors. It said it again in ISI. The burden of demonstrating personal jurisdiction, if we agree with you, is going to fall on the very individuals that the FLSA was designed to protect. And I can't even imagine the burden how immense the burden will be for district courts who will have to, they will have to, adjudicate personal jurisdiction over each absent collective action member's claims. I just . . . as a former district court judge, wow. We need a whole different court, a whole another court, another court system. To follow up on Judge Rogner's question, would you agree that if . . . when the case was filed, if personal jurisdiction was based on general jurisdiction, that everybody could opt in and no jurisdiction would be established for every opt-in collective? Absolutely. It's when we're talking about specific jurisdiction given the Bristol claims, you'd have to establish it. Absolutely. Is there anything in the text of Rule K that supports your argument when amended complaints are filed or opt-ins come in that there has to be a separate analysis or a separate jurisdiction under the long-arm statute? I'll say this. Rule 4K-1A, it says who is subject to jurisdiction in the present tense. The court's authority, the summons establishes jurisdiction over someone who is subject to it. That is not a one-time event. And there are courts who say, regarding Rule 20, you cannot use Rule 20 to bypass personal jurisdiction. Rule 20 . . . Have we ever said that? I don't think . . . lower courts have, but I don't think this court has said that. Okay. I'm getting into my rebuttal time. I do want to make one other point. No, you're not. Yes, you are. Well, I don't want to assume how much rebuttal time I get. No, you're not. No, you're not. Look, procedurally, how would a district court that lacks general personal jurisdiction over-defend and have . . . how would they verify the specific personal jurisdiction of hundreds, thousands, who knows, of opt-in plaintiffs? I mean, it would require hundreds or thousands of individual mini-trials just on the question of personal jurisdiction. You're trying to kill us. I'm not trying to kill you, Your Honor. There might be a case where that's difficult or that you need discovery on it. Here, it is clean. We know. There's no dispute. 90% of the people they're sending out notice to have no contacts with Wisconsin. But here, you're not asking us to address the merits of that question because no notices have been sent. You're asking us to issue a rule of order in the Seventh Circuit. And so, I think Judge Roldner's question is really asking to drill down, in effect, how will this rule play out in the district court? I would suggest that if there is a challenge to jurisdiction, the district court should or must answer it. If there are fact questions,  but in situations where it's clean and there's no dispute about it, it should be decided now. I want to make one more point and then... How does a reading of Rule 4 that requires each absent collective action member to establish personal jurisdiction align with Rule 82's or limit the jurisdiction of the district courts? The Supreme Court in the Murphree case said that's about subject matter jurisdiction. Period. Period. I want to talk briefly about the consequences and then hopefully save some time. Can I make one more point and then save a couple minutes for rebuttal? I think we need to address, though... If you could... Yeah. If you can answer, Mike. Oh, I thought I did answer your question. Well, not to my... The Supreme Court in the Murphree case, which was Mississippi versus Murphree, 326 U.S. 438, it held that Rule 82 was about subject matter jurisdiction only. That was a challenge to the validity of former Rule E or D. So your response is Rule 82 doesn't come into play when we're talking about personal jurisdiction given this case? Correct. And what do we do with Moussad where it says Rule 4K, I'm reading from the opinion, the defendant in Moussad is mixing up the concepts of service and jurisdiction. Rule 4K addresses how and where to serve process. It does not specify on whom process must be served. The next sentence in that Moussad says, it is true that with certain exceptions, a federal district court has personal jurisdiction only over a party who would be subject to the jurisdiction of the state where the federal district court is  That's our point. Moussad supports our position. I want to recap our position briefly and then can I have a couple minutes for rebuttal, Your Honor? Of course. Okay. I want to be careful with that. Briefly, there must be authorization for courts to exercise jurisdiction. Rule 4K is the source of authorization. 4K1A authorizes limited jurisdiction tied to the courts. In a very real sense, it doesn't matter how the court reads 4K because even if we're wrong, even if they're right that it's silent after the summons, they can't get to where they want and that's Fifth Amendment. Nothing authorizes jurisdiction to the Fifth Amendment. That was the point of Omni. So we have to search. Where is the authorization to go to a U.S. contacts-based jurisdictional inquiry? It doesn't exist. The only thing that 4K1A says about anything is about the state. So it's either the state or it's nothing. So you need us to follow the Fisher decision in the Third Circuit, the personal jurisdictions limits in the Fifth and they're not self-executing. And the way that they're executed in the FLSA context is under Rule 4K. Yes, Your Honor. And I'll add to that. I don't think we have time. Yes, Your Honor. Unless there are other questions, I will hopefully save five minutes for rebuttal. Thank you, Your Honor. Good morning. Mr. Meade. Good morning. Yes. Joseph Meade on behalf of Plaintiff Apelli Luna Venegas. The parties agree that the District Court obtained personal jurisdiction over Signet based on service of the complaint under Rule 4K1A. This complaint alleged violations of federal labor law. He was underpaid for his overtime work in violation of federal law. The question is whether similarly situated employees can exercise their federal rights to opt into this proceeding. The Signet's argument is essentially that state law prevents the opt-in claimants from joining this federal case exercising their federal rights. The District Court properly rejected this argument and this court should affirm. Can we start kind of where we left off as far as no one has been able to answer the question for me? FLSA opt-in plaintiffs. How are their claims treated? We want to make this analogous to class actions, but I need some I need some guidance here from the lawyers as to how to treat those complaints. They are treated almost identical to class representatives in several respects. I'm going to start with the statute. FLSA's text says that the named plaintiff represents. I'm sorry. It says the named plaintiff litigates on behalf of these similarly situated individuals. Thus this court in Smith, for example, has said that the named representative just like in a class action has two capacities his individual capacity and his representative capacity the Harkins makes clear that the opt-in claimants have their the merits of their decision. And I said that was the Smith case. I'm sorry. This is the Hawkins case. No before. Oh before it was Smith. And do you have a citation for that? I don't think that's what we were saying in Smith. And I'm quite familiar with that case. I think what we did say in Smith is that we were just deciding whether or not the named plaintiff. Had properly put the defendant on notice of her intent to sue individually because she hadn't signed any kind of an opt-in form and she was the named plaintiff. And they were trying to kick her out because she hadn't filed timely filed an opt-in form. And so the question there was has she essentially satisfied the requirements of the opt-in form by filing a complaint which is I think you're going too far in your analysis. I might have invoked the wrong authority. But regardless the way that this court has repeatedly described FLSA named representatives is that they proceed in two capacities both as a under individual and as a representative of these similarly situated claimants which is also consistent with what the FLSA statutory language provides. How do we address what the Supreme Court has said in Genesis health care that FLSA collective action is a joined process with significant differences from Rule 23. It first of all joined her is more like a mass action than a collective action. That's right Your Honor. But it's a joined her in the process by which the opt-in claimants participate or choose to be bound to the judgment. But it doesn't change their the strength of their relationship. They're still dependent on the. But isn't the the capacity that they are suing in what's significant under Bristol Meyer that how what their role is in a joined or process means that they are there in an individual capacity as opposed to a class action where there's a representative and they are there in a class capacity an absent class member. We would suggest a few different responses that the first is that Bristol Myers does not apply because it's a state case. Well federal. Yes we can do that. That's not right. That wasn't my point. That's OK. To your specific point though they the statute says that they appear as party plaintiffs but that's not the real substance of how they interact. Their connection to the litigation is entirely a function of the collective action being certified. If the collective action is decertified they're not part of the case anymore. As Judge Posner put it in effigy their claims go poof. And that's very much like a class action. Because the the named representatives the resolution of the named representatives claim on the merits binds the opt in claimants on the merits. Hawkins says I believe it's Hawkins says that they must file those opt in notices. It's an important procedural step to ensure they understand the consequences of opting in. But they are individual plaintiffs who could come in with their own lawyer if they choose to which you can't in rule 23. And they can be subject to discovery individually. I would respectfully disagree on both of those points. It is true that they may participate through their own lawyer although practically they never do. I don't know if that's true. At the district court I had quite a few FLSA cases. I don't I think that's an over broad statement. The district court suggested here that the district court thought that was true. Whether or not it is empirically is not the key to our argument. I will point out that in rule 23 class members actually have the right in rule 23 rule 23 C 2 B 4 to appear through their own lawyer although practically speaking I don't think that happens very frequently in terms of discovery. They're not subject to automatic discovery. Typically they may be subject to discovery as a class member might there might be some class discovery a sample for example. I think why it's so important for purposes of the rule that's being requested is that we have made it clear with the Seventh Circuit that absentee litigants are treated in a class action context as in essence non parties. And so why I'm trying to get an answer to this question to drill down on this point is because if FLSA claims are treated as individual or individual claims then as we gave direction in Moosad interpreting the Bristol holding there has to be a personal jurisdiction analysis of that claim. If however often plaintiffs are a collective or not so much adjoined or context but in how we would view it as a class action context then that personal jurisdiction analysis would not be needed because the court would have already done that when looking at the named plaintiff in the FLSA action. And I think that is the key why FLSA collective actions are more are basically identical in that respect to class action. And the key is the named representatives resolution on the merits applies is extrapolated to the opt in plaintiffs whereas if a party joins but through intervention or rule 20 or whatever as a party plaintiff then they control their own fate. And that's it and that's not how the FLSA. Then what do we do again with what the Supreme Court has specifically said that there are significant differences and FLSA collective plaintiffs are part of a joined or process which again is an aggregate litigation term not a class action term. I think the two responses. One is that it's they join in the process. They choose to join in that sense. So it's joined or in that sense. It's not joined or under Rule 20 and I don't think anything in the Supreme Court's decision suggests no. And I would say that that this court has ratified and Harrington footnote for Judge Barrett said the prior. This is we've done this quite a bit during argument. And so just to clarify we issue decisions on behalf of the court not put Judge Posner or Judge Barrett. It's on behalf of the court. So out of respect for those decisions let's keep it as decisions issued by the. That's a little bit distracting. I apologize Your Honor. I will do that. As this court has said in its prior decisions it has reaffirmed is affirmed that that line of cases remains valid post Genesis that Genesis was that the outcome of Genesis health care would have been the same whether it was under Rule 23 or under the FSA because it dealt with a class or a collective action that had not been certified yet and involved mootness which wasn't an issue here. But to try to get to your question the the the name plaintiff must in an FSA case the name plaintiff must show that they are an adequate representative just like in a class action because they are a representative. Their their claims rise and fall. The opt in claimants claims rise and fall on the name plaintiffs merits. It makes sense then if we're going to extrapolate the merits of the name representative out to the collective opt in plaintiffs that we do so with personal jurisdiction as well. And I would note that in this very case signet argued that the class the collective action should not be certified because plaintiff was not an adequate representative applying Rule 23 standards which the district court rejected. So that understands that contemplates that adequacy of representation is built into the framework of collective actions. And so if you have a representative who is going to be the one that we haven't necessarily endorsed that though I know in the two step process sometimes that is  But I don't think we have necessarily endorsed that procedure. As this court said in Eppensheed it Rule 23 standards apply to collective actions. And I think that is the mechanism by which adequacy of representation becomes tested in when deciding whether to certify. So do you need the Fifth Amendment due process here to kick in in order to succeed. No Your Honor. The Fifth Amendment is the only applicable constitutional limit on this case. Actually all of these questions about collective actions I think require are actually the second step. The first step is what is rule for provide rule for invoke state law in only a very specific way. It invokes state law at the time. So I'm sorry to interrupt but you said something earlier. You focus a lot on your in your briefs on the Fifth Amendment and why the state law kicks in for the initial plaintiff who files the case. And then I thought your argument was for everybody else who comes in under opt in. We analyze it under the Fifth Amendment. I apologize Your Honor. I mean to say the Fifth Amendment provides the outer limit of what this court correct could do. Correct. But but the Fifth Amendment is not actually implicated here because there's no I mean it's really a non a non issue. There's no question the Fifth Amendment would be satisfied here would be satisfied. So. So the question is sickness argument is that the state law limits the 14th Amendment state long arm statute is implicated by virtue of Rule 4 K 1 a. And that's not what Rule 4 K 1 a. But is your argument that we personal jurisdiction for all of the additional opt in plaintiffs would be analyzed under the Fifth Amendment and there's no issue there because  is that what your argument is or is your argument that because one plaintiff for this claim has jurisdiction under the Wisconsin long arm statute his personal jurisdiction over signet that that's all you need. It's the latter Your Honor. What if it violated the Fifth Amendment. Well of course subject to Fifth Amendment constraints. OK. And I think that there's and this is an error that the Fifth Amendment doesn't that circumvent the specific jurisdiction specific personal jurisdiction cases. It doesn't Your Honor. Those are pathways by which a court can obtain personal jurisdiction or power over defendant. Once that power is established and it's established through the service of the summons that is consistent with state law. Once that power is established it remains as part of the  And I think the error that signet and the Third Circuit and Sixth Circuit respectfully followed was that they imported a subject matter jurisdiction type analysis to the personal jurisdiction context subject matter jurisdiction of course must be maintained maintained throughout the litigation. Personal jurisdiction is different. Historically it's always been tied to service of the summons and once that personal jurisdiction is obtained over the defendant that hook remains. But you have personal jurisdiction for a specific purpose. You have personal jurors specific personal jurisdiction. So your argument is that once you obtain specific jurors personal jurisdiction over a party that the court can then expand that to general jurisdiction. I mean I would not. And what supports that. But yes that's effectively what you're doing because if some of these other plaintiffs had sued under the FLSA in Wisconsin and been the named plaintiff some of the plaintiffs from Texas or that didn't have specific jurisdiction over signet they wouldn't be able to bring this case in Wisconsin on their own right. So what you're saying as long as you have one person who has specific jurisdiction that that expands the personal jurisdiction into general jurisdiction for other  Essentially it does. And what supports that. It's the way the rule works. The language of the rule contemplates. So again specific jurisdiction is like the flavor I guess of jurisdiction but it doesn't change the level of power that the court has over the defendant. And it's tied to the case right. The case is. Why isn't it tied to the claim. The courts have repeatedly talked about it as tying to the case but whether there are many courts that have talked about as being tied to the claim and whether   the case has to depend on our argument because our argument is it's assessed at the time the summons is served and not. What if the claim changes. What if the claim changes because the plaintiffs alleged injury must have a risk must arise out of the defendant's contact. With the state. It's hard for me to imagine a situation that would arise where there would be totally different. But assuming that did happen that would personal jurisdiction analysis would not change. The court has already obtained personal jurisdiction over that defendant. But when they opt in plaintiffs from an FLSA collective action comes into a case bringing individualized claims. Is that not changing. It's it's not. It's still the same core case. I think that's the reason why it's a kind of a representative action and that the named representatives merits apply to the collective action. And I think the fact that this if I could just finish my thought. Absolutely. If the fact that Congress explicitly authorized this procedure makes it a little bit different even than rule 23 rule 23 is a federal rule. It's obviously very important but it's not necessarily ratified by Congress in the same way. Why wouldn't they have included a general jurisdiction or nationwide service. Because that would allow Mr. Luna Venegas for example to sue Signe in Idaho. There still has to be a hook. And so there is a hook here. The question is what happens after that service of summons and that is governed by the rules and specifically or not even the rules is governed by a federal statute. Judge Oakley may I ask one more question. So one more question for you please Mr. Luna Venegas. Back to what we were talking about earlier. If so there's specific jurisdiction there's specific jurisdiction over the defendant here based on the initial plaintiff. So all of these opt in plaintiffs are going to come in many of whom would not have specific jurisdiction if they filed in Wisconsin. I think you would agree with that. Yes. So if they are allowed to come in how does that comport with the 14th Amendment due process. Given that the court has specific jurisdiction and not general jurisdiction. That's what I'm struggling with. The answer is that the 14th Amendment would not apply. What is your basis for the argument that the 14th Amendment would not apply in that context. My argument is that the 14th Amendment applies only by virtue of Rule 4k 1a which is triggered only at the summons stage. It's not triggered at later stages where there's a case summons. OK. And if I can just add one sentence to that. I would note that many of the leading scholars of the country filed an amicus brief including Arthur. I've read those. OK. Which I thought laid it out in that regard. So for those reasons the court should affirm the district court. Thank you so much. Thank you. OK. Mr. Sneed five minutes. You've been gracious with your time. I'll take up less unless there's questions. I have three quick points to make. OK. OK. Go. One on the Mossad issue and representative. I think the proof is in the pudding so to speak. There has been one opt in plaintiff docket number 20 notice of consent docket number 1 0 8 is the second amended complaint. There's two plaintiffs on the title. Second. On the power is established once the cases they cite in their briefing involve tag jurisdiction and consent jurisdiction which we agree. So Burnham versus superior tag jurisdiction Mallory versus Norfolk and Adam versus Sanger consent jurisdiction. We agree. Power established once. That's different than specific jurisdiction. Last point. The consequences of what they're asking for is a dramatic change in the law. Daimler says federal courts ordinarily follow state law and determining the bounds of their jurisdiction over persons C 4 K that was a federal question case. If they're right Daimler was wrong or at least wildly incomplete. And so is Omni and all the other cases that say the essentially the same thing. And they would essentially have the court up in 250 plus years of personal jurisdiction just so they can avoid Texas. They can file. They can seek a nationwide collective in Texas. They can seek a Wisconsin collective in Wisconsin or even if there's multiple states multiple collectives and try to consolidate them. But signet should not be forced to defend itself in Wisconsin on claims that have nothing to do with Wisconsin. So unless there are any other questions we ask the court to join the third six and eight circuits and to vacate the order below with instructions to limit the notice to just those with Wisconsin contacts. Thank you very much. Thanks to all everyone. Thank you Mr. Snead. Thank you Mr. Meade. Case will be taken under advisement.